UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| SYLVIA N. BEHEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 1:16-cv-00104 |
| | ) CHIEF JUDGE CRENSHAW |
| NANCY A. BERRYHILL, ACTING | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

The Magistrate Judge has issued a Report and Recommendation ("R&R") (Doc. No. 19) in which he recommends that the Court deny Sylvia N. Behel's Motion for Judgment on the Administrative Record (Doc. No. 17) and affirm the decision of the Commissioner. Behel has timely filed Objections. (Doc. No. 20). The Court has conducted a de novo review of the relevant issues. The Court will not reiterate the lengthy factual record and procedural background of this case, as the Court finds that the Magistrate Judge has aptly summarized the administrative record in the R&R. (See Doc. No. 19 at 1-13.)

As a threshold matter, there is a fundamental problem with the Objections in that Behel barely mentions the Magistrate Judge's R&R. Instead, Behel's Objections are a near direct copy of her brief in favor of the motion for judgment on the administrative record. In other words, Behel primarily just repeats (in most cases word-for-word) her prior arguments that the ALJ was universally wrong. (See, e.g., Doc. No. 20 at 21 (objecting to "[t]he ALJ decision, as adopted by the R&R"); id. at 23 (objecting to a conclusion that "[t]he ALJ decision . . . characterizes and the R&R endorses"); id. at 24 (objecting to the "ALJ decision and R&R determin[ation]"); id. at 25

(objecting to undue focus placed by "ALJ decision and the R&R"). These broad, general "objections," are inappropriate under Federal Rule of Civil Procedure 72 and Local Civil Rule 72, and, as such, are overruled to the extent that they do not focus the Court's attention on anything beyond general disagreement with the proceedings to date.

Even if these general objections were not inappropriate in nature, they are unpersuasive to the extent that they amount to debates over the weight given to various medical evidence and credibility determinations concerning the severity and impact of Behel's (1) migraine headaches and (2) patellar subluxation syndrome. (See Doc. No. 20 at 21-26). Review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011) (internal quotation marks omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (internal quotation marks omitted). "The substantial evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Thus, this Court must affirm the Commissioner's decision if it is based on substantial evidence, even if there is substantial evidence, as Behel argues, that would also have supported an opposite conclusion. Colvin v. Barnhart, 475 F.3d 727, 730 (6th Cir. 2007). Here, the Court's review of the record finds adequate support for the finding that substantial evidence supports the conclusions of the Magistrate Judge (and ALJ), and it is therefore inappropriate to disturb those conclusions.

The Court will address the one specific objection Behel appears to make concerning a legal standard applied by the Magistrate Judge. (See Doc. No. 20 at 18-20.) To qualify for benefits,

Behel must establish that she is disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(a)(1). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act creates a five-step process for assessing a disability claim. See, e.g., Heston, 245 F.3d at 534. First, a claimant must demonstrate that he is not engaged in any "substantial gainful activity." Vance v. Comm'r of Soc. Sec., 260 F. App'x 801, 803 (6th Cir. 2008) (citing 20 C.F.R. §§ 404.1520(b), 416.920(b)). At the second step, if a claimant is not engaged in any substantial gainful activity, he must demonstrate that he suffers from a severe impairment." Id. at 803–804 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)). This step utilizes a "de minimis" standard concerning "severity." Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir. 1988). In other words, "an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." Vance, 260 F. App'x at 803 (quoting Farris v. Sec'y of Health and Human Servs., 773 F.2d 85, 89–90 (6th Cir. 1985). In the third step, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and that impairment meets or equals a listed impairment located at 20 C.F.R. Pt. 404, Subpt. P, App'x 1, then the claimant is presumed disabled. Id. at 804 (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)).[1]

Under the third step, the disability listings contain over a hundred conditions "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age,

---

[1] Although not relevant here, in the fourth step, the claimant is not disabled if his impairments do not prevent him from doing his past relevant work. Finally, at the fifth step, even if the claimant cannot perform his past relevant work, he is not disabled if he can perform other work that exists in the national economy. Vance, 260 F. App'x at 803 (citing Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990)).

education, or work experience." 20 C.F.R. § 416.925(a). The listings thus "streamline[ ] the decision process" by shifting the focus away from the individual's ability to work and onto his impairments. Bowen v. Yuckert, 482 U.S. 137, 153 (1987). If a claimant's impairments meet or equal a listed condition, the ALJ must find him disabled. See 20 C.F.R. § 416.920(a)(4)(iii); Sullivan v. Zebley, 493 U.S. 521, 532 (1990). At issue here is Listing 12.05(C), which covers intellectual impairment, because Behel has a sub-70 intelligence quotient. The listing contains four requirements: (1) "significantly sub-average general intellectual functioning," (2) "deficits in adaptive functioning," (3) evidence that the condition began before age twenty-two and (4) a valid IQ score of seventy or below **along with a "physical or other mental impairment imposing an additional and significant work-related limitation."** 20 C.F.R., Pt. 404, Subpt. P., App. 1, § 12.05(C).

Behel's objection is that the Magistrate Judge (and the ALJ) should have borrowed the "de minimis" from step two when considering the "severity" of the physical or mental impairment that must be paired with the low IQ score for an automatic determination of disability at step three. Behel, however, offers no real authority for such a proposition. To the contrary, "because satisfying the listings during the third step yields an automatic determination of disability based on medical findings, rather than a judgment based on all relevant factors for an individual claimant," the evidentiary standards are "strenuous." Peterson v. Comm'r of Soc. Sec., 552 F. App'x 533, 539 (6th Cir. 2014). Behel must show that she meets all of the criteria under the four elements, and "an impairment that satisfies only some of the relevant listing criteria does not qualify, regardless of its severity." Id. Thus, the relevant question for the ALJ and the Magistrate Judge at step three was whether, in addition to the low IQ score conceded by the parties, Behel had an additional physical or mental impairment that imposed "additional and significant work-

4

related limitations," not "de minimis" severity. The Magistrate Judge (and ALJ) applied this proper standard in evaluating Behel's claimed migraines and knee problems in the context of qualification for an automatic determination of disability. This objection is therefore overruled.

This is not to suggest that this matter is entirely one-sided. Behel has pointed to pieces of evidence in the record that indicate that she might be disabled as defined under 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.05C. However, merely marshalling some evidence to suggest that she is disabled is insufficient; Behel must demonstrate that the determination that she was not disabled is not supported by substantial evidence. The Magistrate Judge correctly found that Behel has failed to do so. The Court finds that the Magistrate Judge has not erred in finding that substantial evidence in the record supports the ALJ's determination that Behel is not disabled and recommending that affirmance of the Commissioner's decision.

Accordingly, the Report and Recommendation (Doc. No. 19) is **APPROVED AND ADOPTED**. The Motion for Judgment on the Administrative Record ((Doc. No. 17) is **DENIED** and the Commissioner's decision is **AFFIRMED**. This is a final order. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58 and close the case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE